IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

TRIPOLI MANAGEMENT, LLC,
d/b/a DWIRE EARTHMOVING
& EXCAVATING,

         Plaintiff,

Vs.                                                   No. 10-1062-SAC

WASTE CONNECTIONS OF
KANSAS, INC.,

         Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff Tripoli Management. LLC, d/b/a Dwire Earthmoving & Excavating's ("Dwire") motion for an extension of time to file its reply brief to the defendant Waste Connections of Kansas, Inc.'s ("WC-Kansas") response to Dwire's motion for partial summary judgment. (Dk. 105). Dwire seeks an extension arguing its counsel relied on an outdated version of local rules and so labored under the mistaken belief a reply brief could be filed within 23 days after service of the response. WC-Kansas opposes the request for extension arguing counsel's mistake is not excusable neglect.

The time for filing a reply is established by D. Kan. Rule 6.1,

last amended December 1, 2009, and effective March 17, 2010. It requires replies to dispositive motions to be "filed and served within 14 days of the service of the response." D. Kan. Rule 6.1(d)(2). Dwire's 14-day period expired on January 28, 2011, as WC-Kansas filed its response on January 14, 2011. A party must file a motion for extension of time "before the specified time expires," and a motion filed after the expiration of time will not be granted "[a]bsent of a showing of excusable neglect." D. Kan. Rule 6.1(a). Dwire filed its motion for extension of time on February 3, 2011, less than one week after the time for filing a reply expired.

Excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Investment Servs. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 390, 392 (1993) (citations omitted). This "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The circumstances include: "the danger of prejudice . . ., the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citation omitted).

While the factors of prejudice, length of delay and good faith favor granting Dwire's motion, the Tenth Circuit has remarked on the importance of the remaining factor--reason for the delay--in these terms:

> Nonetheless, "fault in the delay remains a very important factor-perhaps the most important single factor-in determining whether neglect is excusable." *City of Chanute* [*v. Williams Natural Gas Co.*], 31 F.3d [1041] at 1046 [(10th Cir. 1994)]; *see Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) ("We have observed that the four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." (internal quotation marks and bracket omitted)); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000) (same).
>     The reason for the delay here was simply that defense counsel confused the filing deadlines for civil and criminal appeals. In *Pioneer* the Supreme Court said that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392, 113 S.Ct. 1489. Even after *Pioneer* adopted an equitable, balancing test, several circuits have embraced the rule that "'[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.'" *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994) (quoting *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir. 1985)); *accord Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996); *see Lowry*, 211 F.3d at 464 ("Notwithstanding the 'flexible' *Pioneer* standard, experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal."); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) ("as a matter of law, ... an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline"); *cf. Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 631 (1st Cir. 2000) ("A misunderstanding that occurs because a party (or his counsel) elects

3

to read the clear, unambiguous terms of a judicial decree through rose-colored glasses cannot constitute excusable neglect."); *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (interpreting Fed.R.Civ.P. 60(b)(1); "an attorney's inaction or strategic error based upon a misreading of the applicable law cannot be deemed 'excusable' neglect"). And one circuit, although unwilling to be categorical on the matter, has indicated that the misreading of a clear rule is a highly unlikely candidate for relief. *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) ("Although ... we [leave] open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed. Where, as here, the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable."). *But cf. Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (interpreting Fed.R.Civ.P. 60(b)(1); "[w]hile an attorney's egregious failure to read and follow clear and unambiguous rules might sometimes be excusable neglect, mistakes construing the rules do not usually constitute excusable neglect." (internal quotation marks omitted)); *In re Vitamins Antitrust Class Actions*, 327 F.3d [1207] at 1209-1210 [(D.C. Cir. 2003)] (applying Fed.R.Civ.P. 6(b) and 60(b)). In our view, defense counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless "[t]he word 'excusable' [is to be] read out of the rule." *Prizevoits*, 76 F.3d at 134.

*United States v. Torres*, 372 F.3d 1159, 1163-64 (10th Cir. 2004) (holding that district court abused its discretion in finding excusable neglect because counsel confused the respective filing deadlines governing civil and criminal appeals).

Dwire concedes the "failure to file a Reply was due solely to the neglect of the undersigned counsel in not having the most up-to-date version of the Court's local rules." (Dk. 105, ¶ 7). There is no question that

4

the current version of D. Kan. Rule 6 had been effective for more than ten months, and it was readily accessible to counsel on the court's website, whether or not counsel chose to obtain a bound copy from the clerk of the court. There is no ambiguity in this rule. Counsel's failure to read and follow the plain terms of the current rules readily available to counsel is not excusable neglect. In light of Tenth Circuit precedent, the court is constrained to deny Dwire's motion for extension of time for failure to show excusable neglect. Because Dwire has filed its untimely reply without leave of the court and the requested extension is denied, the court hereby strikes the reply (Dk. 106) and will not consider it.

IT IS THEREFORE ORDERED that Dwire's motion for an extension of time to file its reply brief (Dk. 105) is denied;

IT IS FURTHER ORDERED that Dwire's reply brief (Dk. 106) is stricken and will not be considered by the court.

Dated this 14th day of February, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge